E-FILED
Thursday, 19 July, 2012 10:36:36 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JONATHAN NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3164 |
| | ) | |
| AARON JOHNSTON and | ) | |
| SANGAMON COUNTY, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in Sangamon County Jail, alleges that a guard tasered him for taking the wrong juice cup. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for

1

this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

**ALLEGATIONS**

2

Plaintiff is being held in the Sangamon County Jail, presumably as a pretrial detainee.  On January 25, 2012 he was lined up with the other inmates to receive dinner.  The inmate in front of him took a dinner tray and noticed a foreign object in his juice.  That inmate switched his juice out for another.  Defendant Johnston then tried to give Plaintiff the offending juice, but Plaintiff refused.  An inmate trustee handed Plaintiff a different juice cup.  As Plaintiff walked off, Defendant Johnston yelled to Plaintiff  "give me back that damn juice!"  Before Plaintiff could comply, Johnston tasered Plaintiff in the chest and continued to taser and mace Plaintiff after Plaintiff had fallen to the floor.  Plaintiff was not taken for nor did he receive any medical care following the incident, though he was in serious pain.  Plaintiff later heard that Defendant Johnston was reprimanded and/or demoted for the incident.

## ANALYSIS

Plaintiff is presumably a pretrial detainee, which means that his claim arises from the Fourteenth Amendment's due process clause, not the Eighth Amendment's prohibition against cruel and unusual punishment.  The exact legal standard for an excessive force claim under the due process clause is subject to reasonable debate. *See* <u>Forrest v. Prine</u>, 620 F.3d 739, 744 (7th Cir. 2010)("The Fourteenth Amendment right to due process provides at least as much, and probably more,

3

protection against punishment as does the Eighth Amendment's ban on cruel and unusual punishment."); Lewis v. Downey, 581 F.3d 467, 474 (7th Cir. 2009)(in an excessive force claim, due process clause prohibits all "punishment," providing "broader protection" than the Eighth Amendment, "[a]lthough the exact contours of any additional safeguards remain undefined . . . .").  However, the debate is irrelevant at this point, since Plaintiff clearly states an excessive force claim against Defendant Johnston under even the Eighth Amendment.  *See* Hudson v. McMillian, 503 U.S. 1, 5 (1992)(Excessive force is force applied "maliciously and sadistically to cause harm," as opposed to force applied "in a good-faith effort to maintain or restore discipline."); Lewis, 581 F.3d at 475 (tasering is more than a de minimis use of force)(*quoting*  Hickey v. Reeder, 12 F.3d 754, 757 (8th Cir.1993) ("[A] stun gun inflicts a painful and frightening blow [that] temporarily paralyzes the large muscles of the body, rendering the victim helpless.") and Matta-Ballesteros v. Henman, 896 F.2d 255, 256 n. 2 (7th Cir.1990) (taser "sends an electric pulse through the body of the victim causing immobilization, disorientation, loss of balance, and weakness").

However, Plaintiff states no federal claim against Sangamon County.  The County's status as an employer does not make it liable for the constitutional violations of its employees.  Iskander v. Village of Forest Park, 690 F.2d 126, 128

(7th Cir. 1982)(no 42 U.S.C. § 1983 respondeat superior liability for municipality or private corporation).  Liability attaches only if the County had an unconstitutional policy or practice that caused the constitutional deprivation. <u>Monell v. New York City Dep't of Soc. Servs.</u>, 436 U.S. 658, 691-92 (1978).  No plausible inference arises that Johnston's misconduct might be attributable to an unconstitutional county policy or practice, particularly since Johnston was apparently disciplined for the incident.

Plaintiff may state a claim for deliberate indifference to his serious medical needs after the incident, but he does not list the individuals personally responsible for failing or refusing to provide medical care as defendants in either the caption or in the section listing the parties.  If Plaintiff seeks to pursue this claim, he should file an amended complaint identifying as Defendants the individuals personally responsible for either failing to take him for medical care or refusing to provide him medical care.  The Amended Complaint must stand complete on its own, since it will replace the original complaint in its entirety.

IT IS THEREFORE ORDERED:

1) The merit review scheduled for July 30, 2012 is cancelled.  The clerk is directed to vacate the writ and to notify Plaintiff's prison of the cancellation.

2)  Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A,

the Court finds that Plaintiff states a federal constitutional claim for excessive force against Defendant Johnston.  Sangamon County is dismissed as a Defendant for failure to state a claim.

3) If Plaintiff seeks to pursue a constitutional claim for deliberate indifference to his serious medical needs after being tased, he must file an Amended Complaint by August 6, 2012, identifying as Defendants the individuals personally responsible.  The Amended Complaint must contain all claims against all Defendants because the Amended Complaint will completely replace the original Complaint.

4) **After August 10, 2012**, the Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint (or Amended Complaint, as the case may be); and, 4) this order.

5)  If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall

6

provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effecting service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

8) Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

9) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not

available, Plaintiff will be notified and instructed accordingly.

10) This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on October 1, 2012 at 1:30 p.m. (or as soon as the Court can reach the case) before U. S. District Judge Sue E. Myerscough.  Plaintiff shall appear by telephone conference.  Defense counsel shall appear in person.  The Clerk is directed to give Plaintiff's place of confinement notice of the date and time of the conference, and to issue the appropriate process to secure the Plaintiff's presence at the conference.

11) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the depositions.

12)  Plaintiff shall immediately notify the Court of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

ENTERED: July 19, 2012

FOR THE COURT:

                                     **s/Sue E. Myerscough**
                                      SUE E. MYERSCOUGH
                                   UNITED STATES DISTRICT JUDGE